# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Thomas Dege, Loren Schmeling,                          Civil No. 06-3754 (DWF/RLE)
Jafar Bihi, Farhia Hassan, and
Ahmed Ahmed,

           Plaintiffs,                          **MEMORANDUM OPINION**
                                                  **AND ORDER**

v.

Hutchinson Technology, Inc.,

           Defendant.

---

Gordon H. Hansmeier, Esq., Gregory J. Haupert, Esq., and Troy A. Poetz, Esq.,
Rajkowski Hansmeier Ltd., and William L. Moran, Esq., Murnane Brandt, PA, counsel
for Plaintiffs.

David J. Goldstein, Esq., Steven R. Anderson, Esq., and Daniel N. Lovejoy, Esq., Faegre
& Benson LLP, counsel for Defendant.

---

This matter came before the Court on February 9, 2007, pursuant to a Motion to

Certify and Provide Notice of FLSA Claims.  In their Complaint, Plaintiffs allege

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.;

Minnesota Statutes §§ 177.24, 177.25, and 177.254, and Minnesota Rule § 5200.0120;

and common law claims of breach of contract, unjust enrichment, and quantum meruit.

For the reasons set forth below, Plaintiffs' motion is granted in part.

## Background

Plaintiffs are current and former employees of Defendant Hutchinson Technology,

Inc.'s ("HTI") production facility in Hutchinson, Minnesota.  HTI manufactures medical

devices and suspension assemblies for disk drives.  The company has production

facilities in Hutchinson, Sioux Falls, South Dakota, and Eau Claire, Wisconsin.  These

facilities have three primary departments:  phototech, trace, and assembly.

HTI employees are required to wear protective gear in these departments in order

to avoid product contamination from dust, lint, or other airborne substances.  The

protective gear consists of a hairnet, a facemask, a smock, latex-like gloves, and a beard

guard, if necessary.  According to Plaintiffs, employees are required to don the protective

gear prior to their shift start times and doff the protective gear after their shifts officially

end.  In addition, Plaintiffs assert that employees are required to doff the protective gear

prior to taking rest breaks and meal breaks, and then required to don the gear when such

breaks are completed.  Plaintiffs contend that neither they nor the putative class members

have been compensated for their time spent donning and doffing this protective gear.

### Discussion

Plaintiffs move to certify their FLSA claims pursuant to 29 U.S.C. § 216(b)[1] and

request that the Court authorize notice to be issued to potential class members.

Specifically, Plaintiffs propose the following FLSA class:  "All current and former

production workers employed by Hutchinson Technology from August 28, 2006, to

present."

Under the FLSA, employees may bring a collective action in pursuit of unpaid

compensation and liquidated damages "for and in behalf of . . . themselves and other

---

[1]      Plaintiffs do not seek class certification of their state law claims under Federal
Rule of Civil Procedure 23(b) at this time.

employees similarly situated." 29 U.S.C. § 216(b).   Section 216(b) provides that a person who wishes to join in the collective action then must affirmatively "opt-in" by filing a written consent with the court.  *Id.*

In order to proceed as a collective action, however, the plaintiffs must first demonstrate that the putative class members are "similarly situated."  *Id*.  The test as to whether the putative class members are similarly situated involves two steps.  *Frank v. Gold'n Plump Poultry, Inc.*, Civ. No. 04-1018, 2005 WL 2240336 at *2 (D. Minn. Sept. 14, 2005) (citations omitted).  First, the court determines whether the class should be conditionally certified for notification and discovery purposes.  *Id*.  At this stage, the plaintiffs need only establish a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan.  *Id*.  In the second stage, which occurs after discovery is completed, the court conducts an inquiry into several factors, including the extent and consequences of disparate factual and employment settings of the individual plaintiffs, the various defenses available to the defendant that appear to be individual to each plaintiff, and other fairness and procedural considerations. *Id*.

The parties do not dispute that this case is at the initial stage of the two-step process.   Thus, the Court only must determine whether Plaintiffs have come forward with evidence establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan.  *Frank*, 2005 WL 2240336 at *2.  The court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties at this initial stage.  *Id*. at *3, n.2.

3

Plaintiffs assert that the members of the proposed class are similarly situated because the positions and job duties of the putative class members are substantially similar to those of the named Plaintiffs and the articles of clothing donned and doffed are virtually identical from individual to individual.  In response, HTI contends that the scope of the putative class is too broad and includes employees who are not similarly situated to Plaintiffs.  First, HTI asserts that determining the amount of time taken by each employee to don and doff requires an individualized inquiry.  Second, HTI contends that not all employees within the scope of the putative class wear protective gear.  Third, HTI asserts that the company's timekeeping system adequately compensates employees for the time spent donning and doffing.  Finally, HTI contends that the Complaint does not support conditional class certification of employees at all three of HTI's facilities, but rather points to a class of employees limited to the Hutchinson, Minnesota location.

The Court finds that Plaintiffs have met their burden for purposes of conditional class certification and notice at this initial stage of the proceedings.  Plaintiffs' affidavits establish a colorable basis for their claim that the putative class members were victims of a common practice of not compensating employees for time spent donning and doffing protective gear.  Each plaintiff has asserted that he or she is required to work in a "clean room" and thus required to don and doff protective gear.  Each employee has also averred that he or she has not been compensated for the time spent donning or doffing the protective gear.  Considering Plaintiff's minimal burden at this stage of the proceedings, the Court finds that this evidence is sufficient to establish a colorable basis for Plaintiffs' claims.

4

HTI's arguments regarding the individualized inquiries required and the merits of Plaintiffs' claims are inappropriate at this stage of the proceeding.  However, the Court finds that HTI is correct in asserting that the class that Plaintiffs propose is unduly broad in light of the FLSA action that was pleaded.  Specifically, the Complaint states that "[t]he FLSA Action is brought on behalf of all persons in Minnesota who were employed as line workers (hereinafter 'the FLSA Employees')."  Complaint ¶ 38.  A plain reading of this language, combined with the fact that this action was initially brought in Minnesota state court, leads the Court to conclude that Plaintiffs sought only to represent employees at HTI's Minnesota facility.  Although it is difficult for the Court to understand, from a practical perspective, why HTI would not want to lessen the expense of litigation by having all potential plaintiffs joined in one proceeding, this is not the way that Plaintiffs' action was plead.

Although Plaintiffs' proposed class could use further refining,[2] the Court finds that Plaintiffs have satisfied their burden of showing that they are similarly situated to other workers in Minnesota for purposes of conditional certification, notice, and discovery.

**ORDER**

---

[2]     Based on the parties' submissions and oral arguments, the Court would find appropriate the following proposed class:  All non-exempt, non-supervisory employees of Hutchinson Technology, Inc.'s Minnesota facility who were required to don protective gear (e.g., a hairnet, a facemask, a smock, latex-like gloves, and/or a beard guard) prior to the start of their shifts, and doff protective gear at the cease of their shifts, from August 28, 2003, to the present.

1.      Plaintiffs' Motion to Certify and Provide Notice of FLSA Claims (Doc. No. 19) is **GRANTED IN PART.**

2.      Within 14 days of the date of this Order, the parties shall submit a joint proposed notice to the Court.  If the parties are unable to agree on the notice, each are ordered to file their preferred notices, together with briefing not to exceed ten pages per side, no later than 30 days from the date of this Order.


Dated:  February 22, 2007                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             Judge of United States District Court