## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Thomas Dege, Loren Schmeling,  
Jafar Bihi, Farhia Hassan,  
Ahmed Ahmed, Abdi Gaari, and  
Bruce Flint,

        Plaintiffs,

v.

Hutchinson Technology, Inc.,

        Defendant.

Secretary of Labor,

        Amicus.

Civil No. 06-3754 (DWF/RLE)

**MEMORANDUM  
OPINION AND ORDER**

---

Gordon H. Hansmeier, Esq., Gregory J. Haupert, Esq., and Troy A. Poetz, Esq., Rajkowski Hansmeier Ltd; and William L. Moran, Esq., Murnane Brandt, PA, counsel for Plaintiffs.

David J. Goldstein, Esq., Steven R. Anderson, Esq., Daniel N. Lovejoy, Esq., and Joel P. Schroeder, Esq., Faegre & Benson LLP, counsel for Defendant.

Joanna Hull, Esq., U.S. Department of Labor, counsel for Amicus Secretary of Labor.

---

This matter is before the Court on a Motion for Partial Summary Judgment brought by Plaintiffs Thomas Dege, Loren Schmeling, Jafar Bihi, Farhia Hassan, Ahmed Ahmed, Abdi Gaari, and Bruce Flint (collectively, "Plaintiffs"). In their Complaint, Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; Minnesota Statutes §§ 177.24, 177.25, and 177.254; Minnesota Rule

§ 5200.0120; and common law claims of breach of contract, unjust enrichment, and quantum meruit. For the reasons set forth below, Plaintiffs' motion is denied.

## BACKGROUND

Plaintiffs are former and current employees of Defendant Hutchinson Technology, Inc. ("HTI"). HTI manufactures medical devices and suspension assemblies used in disk drives. Plaintiffs work in clean room environments in HTI's production facilities in Hutchinson and Plymouth, Minnesota; Sioux Falls, South Dakota; and Eau Claire, Wisconsin. In Hutchinson, HTI's production includes the following units: Trace Manufacturing, Photo Etch Manufacturing, Quality Assurance, TSA+, Development Center Assembly Manufacturing, and BioMeasurement. In Plymouth, HTI conducts Stamping Manufacturing operations. The Eau Claire production includes Component Manufacturing operations (Trace and Photo Etch departments) and Assembly Manufacturing operations. In Sioux Falls, HTI conducts Assembly Manufacturing operations.

HTI employees working in the clean room areas at each of these facilities are required to wear protective gear over their street clothes in order to avoid product contamination from dust, lint, body contaminants, or other airborne substances. Employees may be disciplined if they fail to don protective gear. The protective gear consists of a hairnet, a facemask, a smock, latex-like gloves, and a beard guard, if necessary. Employees put on such protective gear in designated changing areas, called "gowning areas," near the entrances to the clean room areas. The employees are required to remove the protective gear when they leave the clean room areas. The gowning areas

are located throughout HTI's facilities, and most employees use a gowning area that is closest to their workstation or their lead's desk. The gowning areas vary in size and area of use. Undisputedly, different employees don and doff their protective gear at different rates. But the parties dispute the average amount of time that it takes employees to don and doff the protective gear.

Plaintiffs allege that they are entitled to compensation for the time spent donning and doffing this protective gear. Plaintiffs also assert that they are entitled to compensation for the waiting and walking time involved in donning and doffing such gear.

**Timekeeping**

HTI does not have a centralized timekeeping system. Employees do not punch a clock, and the methods by which employees track their time vary by work area. In some areas, employees record their start and stop time on a time sheet; in other areas, the employees' leads record that time. In yet other areas, employees mark only their deviations from start and stop times on a pre-printed form. Because there is no centralized timekeeping system in place, employees may deviate from their scheduled shift time by a few minutes without the lost time being recorded.

The break time of HTI's employees differs, too, based on the employees' work area and the task that the employees perform. At least some of the employees are paid for break time throughout the day, as well as time added to the meal breaks during the shifts. Depending on the machines they are operating, some employees also are allowed

to leave their immediate work areas during their shift to use the rest room or get a drink, without having to record it as break time.

As a result of the unstructured nature of HTI's time-keeping system, leads and supervisors do not closely scrutinize whether an employee is at his or her workstation at a precise time.

**Procedural History**

On February 22, 2002, this Court granted in part Plaintiffs' Motion to Certify and Provide Notice of FLSA Claims (the "February 22, 2002 Order").  Discovery in the case is to be completed by December 1, 2007.  The dispositive motion deadline is February 1, 2008.  The parties recently stipulated to the certification of a collective action for Wisconsin and South Dakota.

Here, Plaintiffs moved for partial summary judgment on several issues.  First, Plaintiffs seek a determination that the donning, doffing, waiting, and walking activities of the Plaintiffs and Class Members constitute "work" pursuant to the FLSA.  Second, Plaintiffs ask the Court to determine that the tasks of donning and doffing are integral and indispensable and thus the time spent executing these tasks is not excluded by the Portal-to-Portal Act.  Third, Plaintiffs ask the Court to determine that donning, doffing, waiting, and walking are not preliminary activities excluded from compensation by the Portal-to-Portal Act.  Finally, Plaintiffs seek a determination that the time spent donning, doffing, waiting, and walking is capable of being recorded and thus the de minimis doctrine does not preclude compensation for such activities.

**I.     Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**II.    Timing of Motion**

As a preliminary matter, HTI asserts that Plaintiffs are not entitled to partial summary judgment because Plaintiffs' motion has been brought prematurely. Specifically, HTI contends that Plaintiffs' motion is premature because discovery is not

complete, the class status of the case is still unresolved, and the deadline for South Dakota and Wisconsin employees to join the class has not yet expired. Pointing to language from the United States Supreme Court's decision in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), HTI asserts that the Court should avoid the problem of "one-way intervention" by which potential plaintiffs could wait to decide whether to opt-in to a lawsuit until after a court made some determination on the merits and thereby indicated whether the case had a likelihood of success. *American Pipe*, 414 U.S. at 547-49. Thus, HTI contends that any ruling on the merits would, at this time, undermine the class nature of this lawsuit.

The Court finds that on the facts and procedural status of this case, a ruling on the merits at this time would be premature. Although the issues raised by Plaintiffs may presently be ripe for review on a different set of facts, this case would benefit from the completion of discovery and further development of the factual record. Moreover, the Court believes that, in this case, a determination on the merits would provide an unfair advantage to potential plaintiffs who may be waiting to determine whether to opt-in to the lawsuit. As a result, Plaintiffs' Motion for Partial Summary Judgment is denied without prejudice.

Thus, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' First Motion for Partial Summary Judgment (Doc. No. 132) is **DENIED WITHOUT PREJUDICE**.

Dated: November 2, 2007         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court